TIIE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DANIEL GROSSO, PLAINTIFF IN ERROR.

Argued May 28, 1930—Decided February 2, 1931.

For the plaintiff in error, *Frank Cohn* (*M. Michael Edelstein,* of the New York bar, on the brief).

For the defendant in error, *Abe J. David* and *Walter C. Tenney.*

The opinion of the court was delivered by

CAMPBELL, J. The plaintiff in error was indicted for the murder of one John Enz, occuring during the robbery of a mail truck in the city of Elizabeth, on October 14th, 1926. He was, upon the trial of such indictment, found guilty of murder in the first degree, and the jury not having returned as a part of its verdict, a recommendation of life imprisonment, the judgment of the court, pronounced thereon was death by electrocution as provided by the statute.

This judgment is before us for review upon a strict writ of error and also under section 136 of the Criminal Procedure act.

Numerous grounds for reversal are urged, which, we think, it is not necessary for us to deal with *seriatim.* They all fall within six classes, or points, and we will so dispose of them.

1. Errors in rulings of the trial court upon, and allowing, limiting, restricting and controlling the proofs.

Our examination of each of these grounds brings us to the conclusion that none of the rulings and trial errors complained of resulted in prejudicial harm to the plaintiff in error.

2. Error in refusing to charge certain requests propounded and submitted by counsel for the plaintiff in error.

We find that many of these do not present any principle of law, and that those that do, and where such principles were applicable to the cause being tried, the learned trial judge in his charge to the jury correctly and fully presented them.

3. Prejudicial error was created by the impassioned manner in which the trial judge stated the facts in his charge to the jury.

We get no such thought or impression from a reading and consideration of the charge.

4. The state failed to prove the *situs* of the alleged crime. This is without merit in fact.

5. Error in permitting the state to prove the death of one Cuniffe, who was one of the persons identified as participating in the crime in question, and who, having died shortly thereafter, was not indicted. This, it seems to us, the state was entitled to do, and we cannot see how, by the doing of it, the plaintiff in error was prejudiced or harmed.

Finally, that the verdict is against the weight of the evidence.

Our examination of the proofs does not bring us to this conclusion, but, on the contrary, we reach the conclusion that there was ample proof justifying such finding.

The judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, BODINE, DALY, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ.   11.

*For reversal*—None.